# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

FILED
IN OFFICE

2006 APR -2 PM 2: 14

Stacy Ghany

Plaintiff,

V.


Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, and costs brought by Stacy Ghany ("Plaintiff") against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Experian has maintained and published materially inaccurate information in Plaintiff's consumer report, failed to follow reasonable procedures to assure maximum possible accuracy, and after receiving written notice of these errors, failed to conduct a reasonable reinvestigation and correct the inaccuracies as required by law.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

4. Venue is proper in this District because Plaintiff resides in this District and the acts and omissions complained of were committed and/or caused damage to Plaintiff within this District.

## PARTIES

5. Plaintiff Stacy Ghany is a natural person residing in the Commonwealth of Massachusetts and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).#x201C;consumerPlaintiff is a natural person residing in the Commonwealth of Massachusetts and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).#x201D; within the meaning of 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a nationwide "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), which regularly engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and uses means and facilities of interstate commerce for the purpose of preparing and furnishing consumer reports. As a CRA, Experian is aware of its obligations under the FCRA.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## FACTUAL ALLEGATIONS

### A. Experian's Duty to Maintain Accurate Consumer Reports

7. Pursuant to 15 U.S.C. § 1681e(b), Experian is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever it prepares a consumer report.

8. Pursuant to 15 U.S.C. § 1681i(a)(1), whenever a consumer notifies a consumer reporting agency of a dispute regarding the completeness or accuracy of any item in the consumer's file, the agency shall conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate" and shall record the current status of the disputed information within 30 days of receiving notice of the dispute.

9. Pursuant to 15 U.S.C. § 1681g(a)(1), Experian is required to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

### B. Plaintiff's Experian Consumer Report

10. Plaintiff obtained a copy of her Experian consumer report bearing Report No. 0958-4831-14, generated on or about February 25, 2026 ("the Report"). The Report contains numerous material inaccuracies that misrepresent Plaintiff's credit history and creditworthiness to prospective creditors and others who review the Report.

### C. Capital One Account -- Highest Balance Exceeding Credit Limit

11. The Report contains a tradeline for Capital One (Account No. 517805XXXXXXXXXX, opened 03/18/2015) (the "Capital One Account"). The Capital One Account reflects a Credit Limit of $4,950 and a Highest Balance of $6,350.

12. The Highest Balance of $6,350 exceeds the Credit Limit of $4,950 by $1,400. At no time

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the Report.

13. This discrepancy is a recognized inaccuracy under the FCRA. A reported Highest Balance that exceeds a Credit Limit signals to prospective creditors that Plaintiff has exceeded her credit limit, which implies poor credit management and negatively impacts creditworthiness assessments and credit scoring models.

14. The Capital One Account also reflects a 30-day late payment notation for January 2026 and July 2024. The Report also notes that this account is potentially negative. These notations, combined with the inflated Highest Balance figure, compound the inaccuracy and further damage Plaintiff's creditworthiness.

**D. SYNCB/PPC Account — Highest Balance, Blank Payment Fields, and Late Notation**

15. The Report contains a tradeline identified as "1STPROGRESS/TSYS/VT" (Account No. 544303XXXXXXXXXX), which Plaintiff understands corresponds to a Synchrony Bank / PPC (SYNCB/PPC) account (the "SYNCB Account").

16. The SYNCB Account reflects a Credit Limit of $200 and a Highest Balance of $218.

17. The Highest Balance of $218 exceeds the Credit Limit of $200 by $18. At no time did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the Report. This misleading effect is identical in character to the Capital One Highest Balance inaccuracy

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

described in Section C above.

18. The SYNCB Account also reports a 30-day late payment notation for the period April through June 2025, culminating in a 90-day late notation for June 2025, followed by closure. However, the Recent Payment field for this tradeline is blank, which renders the tradeline incomplete. A prospective creditor reviewing the account cannot determine whether any payment was made, how much was paid, or when the account was brought current before closure. Experian's continued reporting of the late notations without accurate surrounding payment context further reduces the accuracy of this tradeline.

19. The SYNCB Account is flagged as "Potentially Negative" on the Report. The combination of the inflated Highest Balance, blank Recent Payment field, and late notations renders this tradeline materially inaccurate and incomplete.

**E. Ally Financial Charge-Off Account – Disputed and Unresolved**

20. The Report contains a tradeline for Ally Financial (Account No. 228032XXXXXX), a joint auto loan opened 06/08/2021 (the "Ally Charge-Off Account"). The Ally Charge-Off Account reflects a status of "Account charged off. $24,158 written off. $804 past due as of Feb 2026."

21. The payment history on the Ally Charge-Off Account reflects a pattern of delinquencies beginning in March 2025, progressing through 30, 60, 90, and 120-day late designations, and culminating in charge-off status reported through February 2026.

22. The Comment section on the Ally Charge-Off Account states: "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)." The Reinvestigation Info section states that this item "remained unchanged from our processing of your dispute in Feb 2026."

23. The notation that the account "Meets requirement of the Fair Credit Reporting Act" reflects only that Experian completed a procedural reinvestigation -- it does not establish that the reported information is accurate. The underlying payment history and charge-off characterization remain disputed by Plaintiff.

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

24. On or about November 25, 2025, approximately three months before the filing of this Complaint, Plaintiff submitted a written dispute to Experian via certified mail with return receipt requested, identifying with specificity the inaccuracies described in Sections C through E above, including: (a) the Highest Balance exceeding the Credit Limit on the Capital One Account; (b) the Highest Balance exceeding the Credit Limit on the SYNCB Account; (c) the incomplete and misleading tradeline data on the SYNCB Account; and (d) the disputed payment history and charge-off characterization on the Ally Financial Account.

25. Upon receipt of Plaintiff's dispute, Experian was required under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable reinvestigation within 30 days to determine whether the disputed information was inaccurate and to record the current status of the disputed information.

26. Experian's reinvestigation was inadequate. With respect to the Ally Financial Charge-Off Account, Experian determined that the item "remained unchanged" -- meaning Experian verified information that Plaintiff specifically disputed as inaccurate without correcting or removing it. With respect to the Capital One and SYNCB Account highest balance inaccuracies, the errors persist on the Report as of February 25, 2026, indicating that Experian either failed to investigate those specific disputes or conducted an investigation so superficial that it cannot be considered "reasonable" within the meaning of 15 U.S.C. §

1681i.

27. Experian's failure to correct the identified inaccuracies following Plaintiff's written dispute constitutes a separate and independent violation of 15 U.S.C. § 1681i.

**G. Dissemination to Third Parties and Concrete Harm**

28. Experian regularly sells and disseminates consumer reports containing the inaccurate information described above to third-party creditors, lenders, landlords, employers, and other users of consumer reports. The inaccurate information described herein has been and continues to be included in Plaintiff's consumer reports furnished to such third parties.

29. Experian's reporting of the inaccurate information described herein constitutes a concrete, particularized harm to Plaintiff. As a result of the inaccurate information published by Experian, Plaintiff has suffered injury that is analogous to the reputational harm and disclosure of false information recognized as concrete injury under Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), and TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

## DAMAGES

30. As a direct and proximate result of Experian's violations of the FCRA as described herein, Plaintiff has suffered actual damages including but not limited to: damage to credit reputation and creditworthiness; emotional distress; mental anguish; frustration and anxiety caused by the inability to correct known inaccuracies in Plaintiff's consumer file; and loss of the ability to obtain credit on favorable terms. Specifically, as a result of the inaccurate information Experian has disseminated in Plaintiff's consumer reports, Plaintiff has been unable to qualify for credit on favorable terms, has suffered damage to reputation with prospective creditors, and has experienced ongoing emotional distress and loss of sleep.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## EXPERIAN'S WILLFUL CONDUCT

31. Experian's violations of the FCRA were willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Under Safeco, willfulness encompasses not only knowing violations but also reckless disregard of a party's obligations under the FCRA.

32. Experian has been aware for years that its automated systems and consumer disclosure templates report highest balances that exceed stated credit limits, creating a false and misleading impression of account history. Despite this knowledge -- reflected in prior litigation, regulatory examination, and consumer disputes -- Experian has taken no adequate steps to correct this systematic flaw. See also CFPB v. Experian Information Solutions, Inc., No. 25-CV-00144 (C.D. Cal. filed Jan. 7, 2025).

33. Experian has also been aware since at least 2000 that truncating or omitting account information in consumer disclosures does not technically comply with Section 609 of the FCRA. See FTC Advisory Opinion to Darcy, June 30, 2000 ("it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information in the file.").

34. Experian's knowing and continued failure to correct the identified inaccuracies following Plaintiff's written dispute, and its rubber-stamp verification of disputed information, demonstrate reckless disregard of its obligations under 15 U.S.C. § 1681e(b) and § 1681i. This reckless conduct warrants an award of statutory and punitive damages.

**UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS**

## CLAIMS FOR RELIEF

## COUNT I

## WILLFUL VIOLATION OF 15 U.S.C. § 1681e(b) AND § 1681i

35.    Plaintiff incorporates and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36.    Experian willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report as required by 15 U.S.C. § 1681e(b), including by:

   (a)    reporting a Highest Balance of $6,350 exceeding the Credit Limit of $4,950 on the Capital One Account, which misrepresents Plaintiff's credit history to prospective creditors;

   (b)    reporting a Highest Balance of $218 exceeding the Credit Limit of $200 on the SYNCB Account, which misrepresents Plaintiff's credit history and creditworthiness;

   (c)    reporting the SYNCB Account with a blank Recent Payment field, rendering the tradeline incomplete and misleading;

   (d)    reporting the SYNCB Account's 30-day and 90-day late notations without accurate surrounding payment context, further reducing the accuracy of that tradeline;

   (e)    continuing to report the disputed Ally Financial charge-off information after receiving Plaintiff's written dispute.

37.    Experian additionally willfully violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the specific inaccuracies identified in Plaintiff's written dispute dated on or about November 25, 2025, and by failing to delete or modify the inaccurate information within the statutory period.

38.    As a result of Experian's willful violations, Plaintiff is entitled to actual damages or statutory

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs of the action pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

## NEGLIGENT VIOLATION OF 15 U.S.C. § 1681e(b) AND § 1681i

39. Plaintiff incorporates and re-alleges paragraphs 1 through 34 as if fully set forth herein.

40. In the alternative, Experian negligently failed to follow reasonable procedures to assure maximum possible accuracy of information in Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b), by reporting: (a) a Highest Balance exceeding the Credit Limit on the Capital One Account; (b) a Highest Balance exceeding the Credit Limit on the SYNCB Account; (c) a blank Recent Payment field and incomplete surrounding payment context on the SYNCB Account; and (d) the disputed Ally Financial charge-off tradeline.

41. Experian additionally negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the disputes submitted by Plaintiff on or about November 25, 2025, and by failing to correct or delete the inaccurate items within 30 days of receiving notice of Plaintiff's dispute.

42. As a result of Experian's negligent violations, Plaintiff is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1), and costs of the action pursuant to 15 U.S.C. § 1681o(a)(2).

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Experian and award the following relief:

a.  Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and/or 15 U.S.C. § 1681o(a)(1);

b.  Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.  Costs of the action pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2);

e.  An order requiring Experian to correct, delete, or block the inaccurate information described herein from Plaintiff's consumer file; and

f.  Such other and further relief as this Court deems just and proper.


Respectfully submitted,

Stacy Ghany

Pro Se Plaintiff

41 Mount IDA Rd

Dorchester, MA 02122-2122

stghany@gmail.com

Dated: March 20, 2026